UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MARIAMI GHUGHUNISHVILI** | **CIVIL ACTION NO. 26-86 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **SCOTT LADWIG ET AL** | **MAG. JUDGE WHITEHURST** |

MEMORANDUM ORDER

Before the Court is a Motion for a Temporary Restraining Order (R. Doc. 3) filed by Mariami Ghughunishvili ("Petitioner").

Having carefully considered Petitioner's submissions and the applicable law, the motion is **DENIED**.

## I.  BACKGROUND

Petitioner is a Georgian national who entered the United States on December 23, 2023, and was apprehended near Tecate, California.[1] She was released on her own recognizance and issued a Notice to Appear, dated December 28, 2023, charging her as a noncitizen who had not been admitted or paroled, alleging removability under 8 U.S.C. § 1182(a)(6)(A)(i).[2] After being released, she moved to New York, where she filed an asylum application on February 21, 2024.[3]

Petitioner was instructed to report for a check-in with Immigration and Customs Enforcement ("ICE") on December 11, 2025.[4] At the check-in, she was taken

---

[1] *See* R. Doc. 1, ¶¶ 45–46.
[2] *See* R. Doc.
[3] *See* R. Doc. 1, ¶¶ 49–50.
[4] *See* R. Doc. 1, ¶ 51.

into ICE custody and subsequently transferred from New York to the Richwood Correctional Center in Louisiana, where she remains detained.[5]

Petitioner alleges that when she was detained, she was forced to remove her clothing, provided only a foil emergency blanket, placed in a dark and cold room with another woman, and denied food and water for two days.[6] These conditions allegedly triggered a severe anxiety and panic response causing her to faint and lose consciousness.[7] She also alleges that detention staff have refused to provide her with her prescription medications.[8]

Further, Petitioner alleges that when she was being transferred, she lost consciousness and was taken by ambulance to a hospital.[9] There, she was treated for her anxiety, but no treatment was provided for her blood sugar condition other than juice, and she was returned to ICE custody "without continuity of care."[10] Petitioner is pre-diabetic, requires weekly injections including Ozempic, and needs a special diet, but claims that none of these have been provided.[11] As a result, she claims she has lost approximately 25 pounds, experiences swelling, weakness, dizziness, and continues to suffer physically from untreated blood sugar instability.[12] Petitioner also alleges that she has not been evaluated by a mental health provider in detention for

---

[5] *See* R. Doc. 1, ¶¶ 52–54.
[6] *See* R. Doc. 3-1 at 4.
[7] *See* R. Doc. 3-1 at 4.
[8] *See* R. Doc. 3-1 at 4.
[9] *See* R. Doc. 3-1 at 4.
[10] *See* R. Doc. 3-1 at 4–5.
[11] *See* R. Doc. 3-1 at 5.
[12] *See* R. Doc. 3-1 at 5.

her PTSD, anxiety, and depression.[13] Consequently, she has been unable to sleep, experiences severe psychological distress, and experiences thoughts of self-harm.[14]

Petitioner filed the instant Motion for Temporary Restraining Order on January 9, 2026, seeking relief because her continued detention "subjects her to imminent and irreparable harm arising from unconstitutional conditions of confinement and the facility's failure to provide necessary medical care following a serious medical episode that resulted in hospitalization."[15]

## II.  LAW AND ANALYSIS

To obtain a TRO or a preliminary injunction, a party must show (1) a substantial likelihood that they will prevail on the merits, (2) a substantial threat that they will suffer irreparable injury if the injunction is not granted, (3) their substantial injury outweighs the threatened harm to the party whom they seek to enjoin, and (4) granting the preliminary injunction will not disserve the public interest.[16] Elements three and four merge "when the Government is the opposing party."[17] The extraordinary relief of a temporary restraining order should not be granted unless the movant clearly carries the burden of persuasion as to all four elements.[18]

---

[13] *See* R. Doc. 3-1 at 5.
[14] *See* R. Doc. 3-1 at 5.
[15] *See* R. Doc. 3 at 1.
[16] *City of El Cenizo v. Texas*, 890 F.3d 164, 176 (5th Cir. 2018) (citing *Tex. Med. Providers Performing Abortion Servs. v. Lakey*, 667 F.3d 570, 574 (5th Cir. 2012)); *see Texas v. United States*, 524 F. Supp. 3d 598, 651 (S.D. Tex. 2021) (citing *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987)) ("The standard for deciding whether to issue a preliminary injunction is the same standard used to issue a temporary restraining order.").
[17] *Nken v. Holder*, 556 U.S. 418, 435-36 (2009).
[18] *Ocean Sky Int'l, LLC v. LIMU Co., LLC*, 2019 WL 4724803, Civ. Action No. 18-0528 (W.D. La. 09/26/2019 at *5.

Petitioner's motion seeks release from ICE custody predicated on her medical issues in immigration detention.[19] Petitioner's motion fails to satisfy the first element required for the Court to grant a TRO because she has not demonstrated that she is likely to succeed on the merits that her conditions of confinement claim entitles her to release.

Habeas "is not available to review questions unrelated to the cause of detention."[20] Rather, "if a favorable determination … would not automatically entitle [the detainee] to accelerated release, the proper vehicle is a § 1983 suit" instead.[21] As relevant here, "[u]nconstitutional conditions of confinement—even conditions that create a risk of serious physical injury, illness, or death—do not warrant release."[22] "Nor do allegations of mistreatment that amount to cruel and unusual punishment nullify an otherwise lawful detention."[23]

Petitioner's motion is denied to the extent it challenges the conditions of her confinement because Petitioner's motion seeks release on account of her blood sugar issues, PTSD, and anxiety, which have caused episodes of fainting and losses of consciousness, and subsequent lack of care.[24] These claims are not cognizable in the

---

[19] *See* R. Doc. 3-1 at 6–7.
[20] *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).
[21] *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).
[22] *Ahmed v. Warden*, No. 1:24-CV-01110, 2024 WL 5104545, at *1 (W.D. La. Sept. 25, 2024), *report and recommendation adopted*, 2024 WL 5495437 (W.D. La. Dec. 11, 2024) (citations omitted); *see also Rice v. Gonzalez*, 985 F.3d 1069, 1070 (5th Cir. 2021) ("[W]e also conclude that the Great Writ does not, in this circuit, afford release for prisoners held in state custody due to adverse conditions of confinement."); *Sarres Mendoza v. Barr*, No. CV H-18-3012, 2019 WL 1227494, at *2 (S.D. Tex. Mar. 15, 2019) ("Claims concerning a prisoner's conditions of confinement may not be brought in a habeas corpus proceeding, and are actionable, if at all, in a civil rights action.").
[23] *Ahmed*, 2024 WL 5104545, at *1 (citations omitted).
[24] *See* R. Doc. 3-1 at 4–7.

habeas context.[25] Further, Petitioner has not come forward with authority in support of her conditions of confinement claim in the habeas context. Accordingly, Petitioner has not shown a substantial likelihood of success on the merits.

However, to the extent that Petitioner's motion requests that this Court order Respondents to conduct a bond hearing under 8 U.S.C. § 1226(a), Petitioner's motion is denied as it mirrors the relief requested in her habeas Petition.[26] As such, this Court orders that there be an expedited briefing schedule on Petitioner's habeas Petition as detailed below.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's Motion for Temporary Restraining Order is **DENIED**.

**IT IS FURTHER ORDERED** that Respondents must file an answer to Petitioner's habeas Petition within twenty-one (21) days of service. Petitioner may file her reply within seven (7) days after the answer is filed.

**THUS DONE AND SIGNED** this 12th day of January, 2026.

_____
**JERRY EDWARDS, JR.
UNITED STATES DISTRICT JUDGE**

---

[25] *See Ahmed*, 2024 WL 5104545, at *1 (citations omitted).
[26] *Compare* R. Doc. 1, ¶¶ 57–60 *with* R. Doc. 3-1 at 7–9. "Seeking injunctive relief that mirrors the relief requested in the habeas petition is nothing more than a motion to decide my habeas petition now." *Rodriguez v. Lyons*, No. CV 25-1926, 2025 WL 3553742, at * 1 (W.D. La. Dec. 8, 2025).