**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **MARIAMI GHUGHUNISHVILI** | **CASE NO.  3:26-CV-00086 SEC P** |
| **VERSUS** | **JUDGE EDWARDS** |
| **DONALD J TRUMP ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Mariami Ghughunishvili ("Ghughunishvili"), an immigration detainee at Richwood Correctional Center in Richwood, Louisiana.  The federal Respondents have answered the Petition (ECF No. 9), and Ghughunishvili submitted a reply (ECF No. 10).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Petition is GRANTED.

## I.    BACKGROUND

Ghughunishvili is a native and citizen of Georgia who entered the United States near Tecate, California, on December 23, 2023.  ECF No. 1-3.  She was issued a Notice to Appear dated December 28, 2023.  *Id.*  Ghughunishvili was also issued a warrant for arrest, stating that she was "within the country in violation of the immigration laws and is therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act."  ECF No. 16. Ghughunishvili was released the same day on her own recognizance.  ECF No. 1-5.

Ghughunishvili alleges that she traveled to New York where she resided until her re-arrest on December 11, 2025.  ECF No. 1 at 13.  She alleges that she complied with release conditions including reporting, pursuing asylum, and obtaining work authorization for employment. ECF No.

1

10 at 3.  She states that, prior to her re-arrest, her 2024 asylum application had been scheduled for a hearing on July 31, 2029.  ECF No. 1. At 13.

Ghughunishvili asserts that she appeared as instructed for a routine ICE check-in on December 11, 2025, and she was re-arrested, despite her compliance with all conditions of release. *Id.*  Ghughunishvili has been detained since.

Respondents provide that Ghughunishvili filed an I-589 application for relief including asylum, withholding, and protection under the convention against torture on January 11, 2025. ECF No. 9 at 2.  According to online information provided by the Executive Office for Immigration Review, an individual hearing is scheduled for March 26, 2026.

Ghughunishvili alleges that her 2025 arrest was unlawful, as is her subsequent and current detention.   Respondents maintain that Ghughunishvili is lawfully detained under 8 U.S.C. § 1225(b)(2).

## II.   **LEGAL STANDARD**

A federal district court may grant a writ of habeas corpus to a petitioner who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). The petitioner "bears the burden of proving that he [or she] is being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy his [or her] burden of proof by a preponderance of the evidence."  *Villanueva v. Tate*, 801 F. Supp. 3d 689, 696 (S.D. Tex. 2025) (internal citations omitted).  A court considering a habeas petition must "determine the facts and dispose of the matter as law and justice require."  *Id*. (citing 28 U.S.C. § 2243).

## III.   **ANALYSIS**

Ghughunishvili's case hinges on whether her re-detention without a hearing or other discretionary review violates the due process guarantees of the Constitution. This issue is separate and apart from whether she would be statutorily detainable under 8 U.S.C. § 1225(b). *See Hernandez-Fernandez v. Lyons*, 5:25-CV-00773, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *see also Alvarado v. Vergara*, 1:26-CV-00309, 2026 WL 594366, at *3 (W.D. Tex. Mar. 2, 2026). The Court finds that, once released from immigration custody, Ghughunishvili acquired a protectable liberty interest in remaining out of custody on bond, such that she was entitled to a pre-deprivation hearing before revocation. *See Hernandez-Fernandez*, 2025 WL 2976923, at *9. Accordingly, Ghughunishvili's re-detention without same violated her procedural due process rights.

First, the Court has jurisdiction to consider the Petition. Respondents "incorporate by reference all arguments raised in its motion to dismiss" in *Abdoul Karmou Diallo v. Trump, et al.* ECF No. 9 at 3. But those arguments were rejected in *Diallo*, as they are now. *See Diallo v. Trump*, 1:25-CV2012, 2026 WL 382606, at *1 (W.D. La. Feb. 4, 2026) (citing *Barros v. Noem*, 25-CV-488, 2025 WL 3154059, at *2–3 (W.D. Tex. Nov. 10, 2025)).

Next, just as this Court determined in *Diallo*, 1:25-CV2012, ECF No. 73, the jurisprudence "does not foreclose [Ghughunishvili's] due process claims, which seek to vindicate a right to an individualized bond hearing." *Hernandez-Fernandez*, 2025 WL 2976923, at *7 (citations omitted).

So, the Court turns to the three-part test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine whether Ghughunishvili's civil detention violates her due process rights. Those factors are: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value,

3

if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

### 1. Private Interest

"'The interest in being free from physical detention' is 'the most elemental of liberty interests.'" *Martinez v. Noem,* 5:25-CV-1007, 2025 WL 2598379, at *2 (W.D. Tex. Sept. 8, 2025) (quoting *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).  The Fifth Circuit's holding that § 1225(b) provides for mandatory detention, *see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026), does not negate "the liberty interests created by the fact that the Petitioner[ ] in this case [was] released on recognizance prior to the manifestation of this interpretation." *Lopez-Arevelo*, 801 F. Supp. 3d at 677–78 (citing *Espinoza v. Kaiser*, 1:25-CV-01101, 2025 WL 2581185, at *10 (E.D. Cal. Sept. 5, 2025)).

Pursuant to INA § 236, the Government released Ghughunishvili on her own recognizance "pending a final administrative determination in [her] case." ECF No. 1-5 at 1.  That is, she was classified under 8 U.S.C. § 1226(a).  *See id.*; *see also* ECF No. 1-6.  And release under § 1226(a) entitles an alien to "a bond re-determination hearing before revocation," which Ghughunishvili was not provided.  *Chiliquinga Yumbillo v. Stamper*, No. 2:25-CV-00479, 2025 WL 2783642, at *4 (D. Me. Sept. 30, 2025) (citing *Bermeo Sicha v. Bernal*, No. 1:25-CV-00418, 2025 WL 2494530, at *4–6 (D. Me. Aug. 29, 2025)); *see also Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981).

Accordingly, Ghughunishvili acquired "a protected liberty interest in [her] continued liberty," having spent two years released on her own recognizance in the United States, such that the Government cannot revoke her at their whim prior to "a final administrative determination in

4

[her] case" (ECF No. 1-5 at 1).  *See Hernandez-Fernandez,* 2025 WL 2976923, at *8–9 (citing *Espinoza,* 2025 WL 2581185, at *9; *Diaz v. Kaiser*, No. 25-CV-05071, 2025 WL 1676854, at *2 (N.D. Cal. June 14, 2025); *M.S.L. v. Bostock*, No. 6:25-CV-01204-AA, 2025 WL 2430267, at *8 (D. Or. Aug. 21, 2025); and *Rosado v. Figueroa*, No. 25-CV-02157, 2025 WL 2337099, at *12 (D. Ariz. Aug. 11, 2025)). This factor favors Ghughunishvili.

### 2.  Risk of Erroneous Deprivation

Under the second *Mathews* factor, the Court considers "'whether the challenged procedure creates a risk of erroneous deprivation of individuals' private rights and the degree to which alternative procedures could ameliorate these risks." *Martinez*, 2025 WL 2598379, at *3 (W.D. Tex. Sept. 8, 2025) (quoting *Gunaydin v. Trump*, 784 F.Supp.3d 1175, 1187 (D. Minn. 2025)).  By categorizing Ghughunishvili as an alien "subject to mandatory detention under § 1225," she is necessarily deprived of "an opportunity to contest the existence, nature, or significance of [any] supervision violations."  *Espinoza*, 2025 WL 2581185, at *11.  This presents an avoidable risk of erroneous deprivation. *See Vieira*, 806 F.Supp.3d at 701 ("The risk lies in the automatic continued deprivation of liberty ...").  "[A] bond hearing or pre-detention notice … would reduce the likelihood of an erroneous loss of liberty." *Alvarado*, 2026 WL 594366, at *4.  And such alternatives are readily available. *See Hernandez-Fernandez*, 2025 WL 2976923, at *9 (citing *Velesaca v. Decker*, 458 F.Supp.3d 224, 242 (S.D.N.Y. 2020)).  Thus, this factor also weighs in Ghughunishvili's favor.

### 3.  Government's Interest

"The Government has a legitimate interest in preventing a detainee's flight and in protecting the community." *Gutierrez v. Thompson*, No. 4:25-4695, 2025 WL 3187521, at *8 (S.D. Tex. Nov. 14, 2025).  And "detention during deportation proceedings [is] a constitutionally valid

aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). "However, the government has little legitimate interest in suddenly detaining without a hearing noncitizens whom DHS already determined to be neither a flight risk nor a danger to the community." *Bermeo Sicha*, 2025 WL 2494530, at *6 (citing *Hernandez-Lara v. Lyons*, 10 F.4th 19, 26 (1st Cir. 2021)); *see also Saravia v. Sessions*, 280 F.Supp.3d 1168, 1176 (N.D. Cal. 2017), *aff'd* 905 F.3d 1137 (9th Cir. 2018) (explaining that initial release "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk."). Given Ghughunishvili's participation in the immigration process until her re-detention, including her undisputed assertion of adherence to the terms of release—which included reporting, pursuing asylum, and obtaining work authorization for employment (ECF Nos. 1 at 13; 10 at 3)—and a lack of evidence that she presents a flight risk or danger to the community, this factor weighs in Ghughunishvili's favor. *See Hernandez-Fernandez*, 2025 WL 2976923, at *9–10.

Because the *Mathews* factors heavily favor Ghughunishvili, the Court finds that her re-detention deprives her of a constitutional right to procedural due process under the Fifth Amendment. The appropriate remedy for this "arbitrary deprivation of liberty," is immediate release "subject to the conditions originally imposed." *See Hernandez v. Bernacke*, 2:26-CV-00355, 2026 WL 497340, at *2 (D. Nev. Feb. 23, 2026).

## IV.    **CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED. Respondents are ORDERED to release Ghughunishvili from custody immediately subject to the conditions originally imposed.

IT IS FURTHER ORDERED that the parties shall file a joint notice of compliance with this Order by March 24, 2026.

THUS DONE in Chambers on this 20th day of March, 2026.

_____

Jerry Edwards, Jr.
United States District Judge